THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| OPTUMRX PBM OF ILLINOIS, INC., ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Cause No. 1:23-CV-03020-NRN |
| ) | |
| NATIONAL BENEFIT BUILDERS, INC. et ) | |
| al. ) | |
| ) | |
| *Defendants.* ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' SECOND MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT**

COMES NOW Plaintiff OptumRx PBM of Illinois, Inc. ("Plaintiff"), and for its opposition to Defendants' National Benefit Builders, Inc. ("NBBI"), Raymond Marszalowicz, Kevin Faherty, and Barry Forester's (collectively, "Defendants'") Second Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint ("the Motion"), states as follows:

In a second "motion for extension of time," Defendants now ask this Court to fundamentally reorder the Federal Rules of Civil Procedure's basic case structure and *indefinitely* delay their deadline to respond to the Complaint until certain discovery prerequisites are met in their favor.[1] Defendants' justifications for their remarkable ask are unpersuasive. Defendants want discovery on an imprecisely articulated, non-jurisdictional "preclusion" affirmative defense[2]

---

[1] Defendants' Motion says Defendants should have 30 days from when they receive "the confidential arbitration filings and order(s)." Plaintiff never define what might constitute a "filing"—pleadings, motions, presentations, exhibits, transcripts, videos, memoranda, data, expert reports, audit reports, etc. Defendants concede that Optum is working towards getting Plaintiff a largely unredacted copy of the award, but there is no agreement or understanding between the parties regarding everything Defendants believe they are entitled to from the Arbitration. These are issues for discovery.

[2] Defendants never state whether they are considering the defense of claim preclusion, issue preclusion, or both. Defendants' Motion does not provide the elements of either or provide specific statements of how either of the two very different defenses could apply. As detailed below, neither defense is likely to have any material application to this case.

1

before responding to the Complaint. The Court should deny Defendants' request because it is contrary to federal procedure and would unfairly prejudice Plaintiff.

Defendants state "NBBI *may* be entitled to raise preclusion arguments under Rule 12 affirmative defenses that they expect *will turn on materials they do not yet have*." (emphasis added). Under the Federal Rules of Civil Procedure's basic framework, a party who suspects documents in another's possession will give rise to a meritorious claim or defense should first plead the claim or defense under Fed. R. Civ. P. 8 or 12 and then seek discovery on the claim or defense under Fed. R. Civ. P. 26(b), 33, 34, and 45. The Court should follow this fundamental framework. Defendants cite no law, and Plaintiff is aware of no law, supporting their position that Defendants are entitled to open-ended discovery on merits-based affirmative defenses before responding to a Complaint. Making Defendants' request more remarkable, Defendants have not made *any* formal request for production to Plaintiff. In fact, despite saying they wish to review materials not in their possession before responding to the Complaint, the parties have not yet scheduled, much less conducted, a Fed. R. Civ. P. 26(f) conference despite Plaintiff's repeated requests for such so that discovery may begin.

**I.      Plaintiff Will Be Prejudiced by Further Delay.**

The Complaint was filed two and one-half months ago on November 15, 2023. Plaintiff pleaded, in detail, how Defendants committed multiple acts of fraud and breaches of contract. The focus at this stage of the litigation should be on what Defendants do know – not what they do not know. Defendants know today that Plaintiff alleges in the Complaint that the Purchase of Business Agreement between NBBI and UNA was executed by the principals of NBBI and UNA in July 2014 but backdated to December 17, 2013. *Compl.* ¶¶ 44-50. Defendant Raymond Marszalowicz signed the PBA on behalf of NBBI, and Defendants unequivocally know **today** whether the PBA

2

is backdated. Defendants also know today if NBBI sold its prescription discount card programs in 2013. And, they know today what NBBI's contract with Optum provides. Last, Defendants' motion shows Defendants know today they want to plead a preclusion defense.

Optum will be prejudiced if NBBI is allowed to continue to avoid its obligation under the federal rules to appropriately respond to the backdating allegations as well as the other serious allegations contained in the Complaint. As conceded by Defendants, Optum is working actively to provide NBBI a copy of the confidential Arbitration award. On the other hand, NBBI refuses to answer one single question about the existence (or non-existence) of its documents relating to the execution date of the PBA. As of the date of this filing, Optum was asking just one simple question to which NBBI most certainly knows the answer – yet inexplicably refuses to provide: *Did NBBI preserve its emails and text messages from July 2014?* Instead of cooperating on the threshold issue, NBBI continues to seek to delay the case as it searches for a way out. Every additional day that goes by where NBBI is not obligated to respond to the backdating allegations is prejudicial to Optum and its efforts to preserve the evidence, if necessary, on this key issue.

This Court should not permit further delay and should order Defendants to respond to the Complaint promptly in accordance with the Federal Rules of Civil Procedure. This Court gave NBBI plenty of time to evaluate the Complaint, and Defendants are clearly ready to file an initial responsive pleading.

**II.    Defendants Will Not Be Prejudiced and Judicial Resources Will Not Be Wasted by Following the Federal Rules of Civil Procedure.**

Defendants' remaining arguments in support of the Motion do not justify further delay in their response to the Complaint. *First*, Defendants do not "needs [sic] the arbitration award to make an informed decision about how to defend this action." Dkt. 28, p. 6. To the contrary, Defendants have already identified preclusion as an issue, and they can plead these affirmative

3

defenses and then seek discovery on them. No principle of federal litigation allows a litigant to fully explore possible defenses before filing an initial responsive pleading. Indeed, the Federal Rules expressly permit amended pleadings, which is the proper vehicle to add claims or defenses if new information is later uncovered. Fed. R. Civ. P. 15.

Moreover, preclusion is not a proper basis for a Rule 12 motion unless the basis for finding preclusion is within or very nearly within the four corners of the Complaint. *Swan Glob. Invs., LLC v. Young*, No. 18-CV-03124-CMA-NRN, 2019 WL 5095729 (D. Colo. Aug. 20, 2019) (Denying 12(b)(6) motion to dismiss on issue preclusion because it is inappropriate for the Court to consider voluminous arbitration materials on a motion to dismiss); *see generally Senegal v. Jefferson Cnty.*, 1 F.3d 1238 (5th Cir. 1993) ("A motion to dismiss pursuant to Rule 12(b)(6) is decided solely on the pleadings"). In *Swan Global*, this Court found that, where an arbitration was mentioned in the plaintiff's complaint but it "can hardly be said to be central to it," a motion for summary judgment was the proper vehicle for raising the argument, not a motion under Rule 12(b)(6). *Id.* (citing *Bristol Bay Prods., LLC v. Lampack*, 312 P.3d 1155 (Colo. 2013)).[3]

---

[3] This is also consistent with the general principle that materials obtained in discovery have no bearing on a motion to dismiss under Rule 12(b)(6). *See Sheldon v. Khanal*, 502 F. App'x 765, 773 (10th Cir. 2012) (citation omitted) ("But discovery is not necessary to resolve a motion to dismiss for failure to state a claim for relief; '[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's ... complaint alone is legally sufficient to state a claim for which relief may be granted.'"); *Parker v. Ritter*, No. 08-CV-00737-MSK-KLM, 2010 WL 1286081, at *1 n.1 (D. Colo. Mar. 25, 2010) ("Such argument [that discovery will allow plaintiff to demonstrate he is entitled to relief], however, is inappropriate as motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) are based on the allegations in the complaint rather than on any evidence obtained through discovery."); *Am. Fam. Mut. Ins. Co. v. Am. Nat'l Prop. & Cas. Co.*, 370 P.3d 319, 330 (Colo. App. 2015) ("Noting also that the purpose of a Rule 12(b)(5) motion is to test a claim's legal sufficiency, which 'by definition [does] not involve factual matters outside the pleadings,' the court concluded that 'no good cause has been shown to conduct discovery in derogation of the above-cited Rules.'").

Here, as Defendants concede, the Arbitration is not even mentioned in the Complaint. The allegations relate solely to the conduct of NBBI and its principals. As a result, on its face, a motion under Rule 12 is not the proper vehicle to address preclusion in this litigation.[4]

*Second*, further delay does not promote judicial efficiency. This unnecessary briefing exercise is certainly not in the interests of judicial economy. More importantly, Defendants fail to articulate any Rule 12 analysis to suggest they could succeed on a motion to dismiss or how that could possibly lessen the burden on this Court.

In fact, preclusion does not apply here. Claim preclusion requires identity of parties, but Defendants do not allege that NBBI is UNA or that any Defendant has any affiliation with UNA sufficient to create privity for claim preclusion purposes. *See Argus Real Est., Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 608 (Colo. 2005). This information is squarely within Defendants' knowledge.

Issue preclusion is also inapplicable. Issue preclusion is inappropriate where there is substantial evidence available in the subsequent court proceeding that was unavailable at the prior arbitration. *Rodriguez v. Bar-S Food Co.*, 567 F. Supp. 1241 (D. Colo. 1983); *see also Swan Global*, 2019 WL 5095729, at *12. There is no full and fair opportunity to litigate if the "forum in the second action affords the party against whom preclusion is asserted procedural opportunities in the presentation and determination of the issues that were not available in the first action and

---

[4] Defendants write: "it appears that the allegations and claims raised in this litigation arise from the same nucleus of operative facts, defenses, and claims asserted by Optum in the Optum Arbitration." Defendants' speculation is not accurate. Plaintiff's claims and allegations in this litigation do not "arise from" the "defenses" or "claims" "asserted by Optum in the Optum Arbitration." Plaintiff's allegations "arise from" the facts and legal obligations described in the Complaint.

could likely result in the issue being differently determined." *Rodriguez*, 567 F. Supp. at 1245 (internal citations and quotations omitted).[5]

This case is exactly like *Rodriguez* and preclusion is entirely inappropriate. As Defendants well know, Defendants refused to appear as witnesses at the Arbitration and refused to produce their relevant documents from July 2014. At bare minimum, this Court cannot properly analyze any preclusion defense Defendants may raise without also considering the evidence available in this action that was unavailable to Plaintiff in the Arbitration. Moreover, consideration of any additional evidence would necessarily require materials outside the four corners of the Complaint, thereby necessarily converting the purported Rule 12(b)(6) motion into a Rule 56 motion for summary judgment requiring full blown discovery in the matter. There is no judicial economy in granting Defendants' Motion.

*Third*, Defendants categorically have not "diligently sought to obtain the confidential arbitration award so that it [sic] can determine how to respond to Optum's Complaint." Dkt. 28, at 7-8. The diligent way to obtain materials in an adverse party's possession is by requesting them in discovery. Here, however, the parties have not yet conducted the Rule 26(f) conference, despite Plaintiff's repeated requests for the conference.

*Fourth*, Defendants will not be prejudiced by following the Federal Rules of Civil Procedure. Fundamentally, there is no allegation in the Complaint regarding the Arbitration and

---

[5] *See also In re Tonko*, 154 P.3d 397, 406 (Colo. 2007) (citation omitted) (holding that "if the first proceeding's procedures and purposes are significantly different from the second proceeding, 'then the fourth element of issue preclusion has not been satisfied because the party against whom the doctrine is asserted did not have a full and fair opportunity to litigate the issue in the prior proceeding'"); *Guar. Nat. Ins. Co. v. Williams*, 982 P.2d 306, 307 (Colo. 1999) (assessing whether an arbitrator's finding against the plaintiff on an element of a previous claim would preclude the plaintiff from bringing a new claim that relied on the same element and holding the finding would have preclusive effect "unless (1) additional evidence of bad faith exists other than the misconduct evidence that was presented to and considered by the arbitration panel, and (2) the additional evidence could not have been presented to the arbitrators."); *Maryland Cas. Co. v. Messina*, 874 P.2d 1058, 1064 (Colo. 1994) (rejecting issue preclusion where, among other issues, "a critical piece of evidence" to the second action was not presented to an ALJ in the first).

6

Defendants today possess the information to respond to every allegation that does appear in the Complaint. If that were not the case, Defendants should respond that they do not have information to admit or deny the allegations, just as every civil litigant does pursuant to the Federal Rules. Defendants' only attempt to justify prejudice is that "NBBI shouldn't have to spend time and money" litigating issues if they are precluded. The need to spend "time and money" that a party does not believe is necessary is a fundamentally different issue than whether a party is afforded "the ability to fully defend itself." Defendants make no argument that their defense will be impaired if the Motion is denied because there is no prejudice.

### Conclusion

Despite Plaintiff's repeated requests to hold the Rule 26(f) conference so that the parties may begin discovery, no Rule 26(f) conference has occurred. And while Defendants ask this Court to speculate about arbitral materials Defendants do not have (and do not need), they remain **adamantly silent** about what materials they do have even though those materials too are relevant to any "preclusion" defense. For the foregoing reasons, the Motion should be denied, and the Court should order Defendants to respond to the Complaint in short order.

Dated:  January 31, 2024    Respectfully submitted,

HUSCH BLACKWELL LLP

By: /s/ James F. Monafo
James F. Monafo, Esq.
Tanya M. Maerz, Esq.
Samuel B. Thomas, Esq.
8001 Forsyth Blvd. Suite 1500
St. Louis, Missouri 63105
P: (314) 480-1500
F: (314) 480-1505
jim.monafo@huschblackwell.com
tanya.maerz@huschblackwell.com
sam.thomas@huschblackwell.com

>Jeffrey D. Whitney, Esq.
>HUSCH BLACKWELL LLP
>1801 Wewatta Street, Suite 1000
>Denver, Colorado 80202
>P: (303) 749-7212
>F: (303) 749-7272
>Jeff.whitney@huschblackwell.com
>
>***Attorneys for Plaintiff OptumRx PBM of Illinois, Inc.***

### CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2024, I electronically filed the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANTS' SECOND MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

>*/s/    Christine Herrmann*
>Senior Paralegal